■ JOHN E. NICOLO, Respondent, v ROBERT KURZ et al., Appellants.—Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendants' motion for summary judgment. Defendants bought a one-acre parcel of property from plaintiff in 1979. In 1981, defendants filed a complaint with the Department of State, alleging that plaintiff, a licensed real estate broker, misrepresented the boundaries of the property. A hearing was held on the administrative complaint in 1984. Before that time, defendants contacted certain State representatives to determine the status of their complaint. At the conclusion of the hearing, plaintiff's license was suspended and he was fined. That determination was later

vacated. Plaintiff subsequently commenced this action, alleging that defendants acted in concert with certain State officials to deprive him of his rights, privileges, and immunities in violation of 42 USC § 1983, and that the administrative hearing was a result of political pressure.

Defendants' private use of State sanctioned private remedies does not constitute State action (see, *Edmonson v Leesville Concrete Co.*, 500 US —, 111 S Ct 2077; *Lugar v Edmondson Oil Co.*, 457 US 922, 940; *Dahlberg v Becker*, 748 F2d 85, 89, *cert denied* 470 US 1084). The record does not indicate that defendants had any control over the prosecution of the administrative complaint or that State officials exerted influence and control over the administrative process on behalf of defendants (see, *Grow v Fisher*, 523 F2d 875). Rather, defendants simply contacted legislators for assistance in determining the status of their complaint. (Appeal from Order of Supreme Court, Monroe County, Cornelius, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.